# THE DISTRICT COURT OF GUAM

| | |
|---|---|
| ELI CHARFAUROS QUINTANILLA,<br><br>Plaintiff,<br><br>vs.<br><br>HONORABLE JUDGE VERNON P. PEREZ; ATTORNEY JAMES SPIVEY; and ATTORNEY GENERAL,<br><br>Defendants. | CIVIL CASE NO. 22-00011<br><br>**ORDER** |

Before the court is Plaintiff Eli Charfauros Quintanilla's Petition for Writ of Habeas Corpus. ECF No 3. For the foregoing reasons, the court **DENIES** the Petition.

**I.    Discussion**

On May 11, 2022, Quintanilla filed an Affidavit of Indigency and Request for Counsel addressed to the Ninth Circuit Court of Appeals. ECF No. 1. On May 18, 2022, Magistrate Judge Bordallo informed Quintanilla that he must either file a petition of habeas corpus with this court on a court approved form, or must appeal his convicted to the Supreme Court of Guam. ECF No. 2. On June 6, 2022, Quintanilla filed the instant Petition related to Superior Court of Guam case number CF0486-15. Pet. at 1, ECF No. 3.

Section 2244(d)(1) contains a one-year statute of limitations which requires a state prisoner seeking relief under § 2254 to file a petition for writ of habeas corpus on the latest of the four following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1).

While Quintanilla filed this petition while he was "in custody" in the Guam Department of Corrections, Pet. at 1, ECF No. 3, he files it more than one year after his judgment of conviction became final, in violation of the one-year statute of limitations contained in 28 U.S.C. §2244(d). Specifically, Quintanilla filed the instance Petition on June 6, 2022, ECF No. 3, whereas the Judgment in his Superior Court of Guam Case, CF0486-15, became final on August 17, 2018. To this, Quintanilla responds that he "didn't know how to appeal these issues. With the fact of incarceration, no legal resources, no legal counsel, no knowledge of where to start nor how to explain my concerns or issues, no knowledge of technical formalities, statutes, or rules applicable to appealing matters concerning my case." Pet. at 14, ECF No. 3.

Unfortunately, Quintanilla's position is not contemplated by § 2244(d). Therefore, the

court **DENIES** the Petition.

## II. Conclusion

For the aforementioned reasons, the court **DENIES** the Petition.

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
   **Chief Judge**
**Dated: Sep 12, 2022**